**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

v.

MARCASEY VENTOUR,

*Defendant/Petitioner*.

1:26-cr-00043 (AMN)

---

**APPEARANCES:** **OF COUNSEL:**

**UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF NEW YORK**
James T. Foley U.S. Courthouse
Albany, New York 12207
*Attorneys for the Government*

**DUSTIN SEGOVIA, ESQ.**
Assistant United States Attorney

**LAW OFFICE OF DANIEL R. SMALLS, PLLC**
240 State Street, Suite 4
Schenectady, New York 12305
*Attorney for Defendant/Petitioner*

**DANIEL SMALLS, ESQ.**

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On March 11, 2026, Marcasey Ventour ("Petitioner") pled guilty to one count of malicious damage to federal property in violation of 18 U.S.C. § 844(f)(1). *See* Dkt. No. 50; Text Minute Entry 03/11/2026.

Presently before the Court is Petitioner's motion to vacate, set aside, or correct his conviction or sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. No. 75 ("Motion"). Petitioner argues that his counsel was ineffective in representing him before this Court at sentencing and requests vacatur and resentencing after a full presentation of mitigating evidence. *See id.*

For the following reasons, Petitioner's Motion is dismissed.

## II. BACKGROUND

This case was initiated with the filing of a criminal complaint on March 15, 2024, alleging one count of malicious damage to federal property in violation of 18 U.S.C. § 844(f)(1). *See* Dkt. No. 1. On March 11, 2025, Petitioner waived his right to prosecution by indictment and consented to prosecution by an information charging Petitioner with a single count of malicious damage to federal property. *See* Dkt. Nos. 47, 48. Petitioner entered a guilty plea to the offense charged in the felony information that day. *See* Dkt. No. 50; Text Minute Entry 03/11/2026.

The Court scheduled sentencing for July 8, 2026. *See* Dkt. No. 51. The Government requested an adjournment, Dkt. No. 53, which the Court granted and rescheduled sentencing for July 17, 2026, Dkt. No. 54. On June 17, 2026, the Government submitted a sentencing memorandum requesting that this Court sentence Petitioner to a term of incarceration of sixty months, to be followed by a term of supervised release of three years and payment of restitution in the amount of $77,490.46. *See* Dkt. No. 58. On June 25, 2026, Petitioner submitted a sentencing memorandum which acknowledged that the charge to which Petitioner pled guilty subjects him to a mandatory minimum term of incarceration of sixty months, and which accordingly requested that this Court sentence Petitioner to a term of incarceration of sixty months. *See* Dkt. No. 59.

On July 17, 2026, this Court sentenced Petitioner to sixty months' imprisonment, to be followed by two years of supervised release. *See* Dkt. No. 60; Text Minute Entry 07/17/2026. On July 22, 2026, Petitioner submitted a notice of appeal as to his conviction and sentence, *see* Dkt. No. 66, which remains pending.

On September 1, 2026, Petitioner filed the instant Motion, which raises a single ground for relief: alleged ineffective assistance of counsel at sentencing. *See* Dkt. No. 75. Specifically, Petitioner contends that his counsel was ineffective because counsel failed to apprise the Court of readily available mitigation evidence, which Petitioner contends prejudiced him at sentencing.

## III. STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code states, in relevant part, that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Relief under Section 2255 is available "'only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice.'" *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)). Moreover, a movant under Section 2255 is barred from relitigating questions "which were raised and considered on direct appeal," *Riascos-Prado v. United States*, 66 F.3d 30, 33 (2d Cir. 1995) (citations omitted), as well as any issue he could have raised on direct appeal, whether or not actually raised, *see Abbamonte v. United States*, 160 F.3d 922, 924 (2d Cir. 1998).

"Pursuant to the Rules Governing Section 2255 Proceedings, the judge who receives a motion to vacate under Section 2255 must conduct a preliminary review." *DeRider v. United States*, No. 07-CV-1204 (GLS), 2008 WL 2080557, at *1 (N.D.N.Y. May 15, 2008). Following such review, "'[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.'" *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting Rules Governing § 2255

Proceedings for the United States District Courts, Rule 4(b)). Summary dismissal is appropriate where the motion to vacate and the supporting papers conclusively show that the movant is not entitled to habeas relief. *See Garcia Montalvo v. United States*, 862 F.2d 425, 426-27 (2d Cir. 1988).

## IV. DISCUSSION

Petitioner argues that he was denied the effective assistance of counsel because his sentencing counsel, though "aware that [he] was an honorably discharged veteran with severe trauma-related mental health conditions[,] . . . active VA treatment, active mental health treatment, documented treatment progress, a probation recommendation for probation/no prison, available character letters, and evidence bearing on [his] mental state at the time of the offense," nevertheless failed to "present that evidence" to the Court at his sentencing hearing. Dkt. No. 75 at 7. Petitioner contends that the alleged failure to present this mitigating evidence prejudiced him by "prevent[ing] the [C]ourt from evaluating whether [Petitioner] qualified for a statutory exception" to the mandatory minimum sentence his charged crime carried, "or from creating a complete record to support downward departures or variances." *Id.* at 9.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. In assessing whether a habeas petitioner has been denied the effective assistance of counsel to which he is entitled under the Sixth Amendment, the Court applies the standard established by *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, the Petitioner must meet a two-pronged test:

> First, the [Petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the [Petitioner] must show that the deficient performance prejudiced the

> defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687 (internal citations omitted). The *Strickland* standard is "'highly demanding,' . . . and 'rigorous[.]'" *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011) (quotations omitted). An ineffective assistance of counsel claim "must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." *Id.* (citation omitted).

"Under *Strickland*'s first prong, the defendant must show that his lawyer's performance falls outside the 'wide range of professionally competent assistance.'" *Farhane v. United States*, 121 F.4th 353, 374 (2d Cir. 2024) (quoting *Kovacs v. United States*, 744 F.3d 44, 50 (2d Cir. 2014)) (additional citation and quotation marks omitted). "The Supreme Court has instructed that this prong 'sets a high bar' to relief for a petitioner because it is 'only when the lawyer's errors were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment that *Strickland*'s first prong is satisfied.'" *Id.* (*quoting Buck v. Davis*, 580 U.S. 100, 118-19 (2017)).

"Under *Strickland*'s second prong—prejudice—the defendant must establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Farhane*, 121 F.4th at 375-76 (quoting *Padilla*, *v. Kentucky*, 559 U.S. 356, 366 (2010)). In the sentencing context, a defendant must establish a reasonable probability that, but for counsel's errors, he would have received a lower sentence than the one imposed. *See United States v. Workman*, 110 F.3d 915, 920 (2d Cir. 1997).

As to prejudice, Petitioner contends that there is a reasonable probability that the Court would have imposed a lower sentence had counsel presented further mitigating evidence. Dkt. No. 75 at 9-10. Petitioner was convicted of a violation of 18 U.S.C. § 844(f)(1), *see* Dkt. No. 50, which carries a mandatory sentence of "not less than [five] years," *see* 18 U.S.C. § 844(f)(1).

Petitioner suggests that the Court could have deviated from this mandatory minimum, directing the Court to 18 U.S.C. § 3553(a), which instructs the Court to consider, *inter alia*, the "history and characteristics of the defendant," the need to "provide the defendant with . . . medical care or other correctional treatment in the most effective manner," and the kinds of sentences and sentencing ranges available. *Id.* (quoting 18 U.S.C. § 3553(a)). The full text of Section 3553, however, makes clear that subsection (a) does not permit the Court to depart from a statutorily prescribed sentence; indeed, the Court may do so only in two enumerated circumstances. The first limitation on the applicability of mandatory minimum sentences requires a motion by the Government requesting that the Court "impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance with the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). This provision is inapplicable to Petitioner's case. *See generally* Dkt. No. 75. The second limitation, known as the "safety valve" provision, permits the Court to impose a sentence lower than the applicable mandatory minimum if the U.S. Sentencing Guidelines' advisory sentence is lower than the mandatory minimum sentence, upon the Court's finding that the defendant meets certain enumerated criteria. 18 U.S.C. § 3553(f). The offense for which Petitioner was convicted and sentenced does not qualify for this provision, which applies only to certain nonviolent drug offenses. *See id.* at § 3553(f) (limiting its applicability to "offense[s] under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. § 841, 844, 846), section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. § 960, 963), or section 70503 or 70506 of title 46").

Therefore, regardless of any mitigating evidence that Petitioner's sentencing counsel might have presented, it would have been legal error for the Court to impose a sentence lower than the sixty-month sentence it imposed. *See United States v. Malachowski*, No. 1:09-CR-125, 2018 WL

11300483, at *9 (N.D.N.Y. June 11, 2018) ("Petitioner suffered no prejudice because the Court stated that it could not grant [his motion for a lower sentence] in light of the statutory mandatory minimum."); *United States v. Morin*, No. 8:10-CR-506, 2015 WL 12670506, at *11 (N.D.N.Y. Aug. 18, 2015) (finding no basis for relief under Section 2255 where defense counsel including additional material in sentencing memorandum "would not have altered the defendant's sentence"); *McNaught v. United States*, 646 F. Supp. 2d 372, 382 (S.D.N.Y. 2009) (same). It therefore "plainly appears from the motion . . . and the record of prior proceedings that [Petitioner] is not entitled to relief."[1] Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b)). The Court accordingly "must dismiss the [M]otion." *Id.*

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Petitioner's Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Dkt. No. 75, is **DISMISSED**; and the Court further

---

[1] Because Petitioner cannot establish prejudice as a matter of law, the Court need not address the first *Strickland* prong to conclude that relief is unavailable as a matter of law. *See Bennett*, 663 F.3d at 85. The Court nevertheless notes that the Motion's account of sentencing counsel's performance stands in stark contrast to counsel's performance as reflected in the record. *Compare* Dkt. No. 75 at 7-8 (alleging that Counsel failed to present "any mitigating information," including that Petitioner is an "honorably discharged veteran with severe trauma-related mental health conditions pertaining to trauma endured during his service in the military, active VA treatment, active mental health treatment, documented treatment progress, a probation recommendation for probation/no prison, available character letters, and evidence bearing on [Petitioner's] mental state at the time of the offense") *with* Dkt. No. 59 at 2-4 (sentencing memorandum filed on behalf of Petitioner by sentencing counsel, describing petitioner as "a gentle young man, discharged from military service for mental health reasons occasioned by trauma he experienced during that service," who had "continued to receive mental health services since his discharge," had "done well on pretrial services," and, at the time of his offense, "had little idea of the gravity of [his] offense"; but recognizing the legal unavailability of a defense of not guilty by reason of mental defect) *and with* Dkt. No. 16 (providing additional detail regarding Petitioner's military service and mental health status).

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 16, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge